ROBBINS GELLER RUDMAN
 & DOWD LLP
RACHEL L. JENSEN (211456)
ROBERT R. HENSSLER JR. (216165)
JEFFREY J. STEIN (265268)
FRANCISCO J. MEJIA (306477)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
rachelj@rgrdlaw.com
bhenssler@rgrdlaw.com
jstein@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re OBALON THERAPEUTICS, INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-00352-AJB-AHG |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT |
| ALL ACTIONS. | ) |
| | ) |

This Stipulation and Agreement of Class Action Settlement, dated August 17, 2020 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rules") and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff Inter-Local Pension Fund GCC/IBT ("Lead Plaintiff"), on behalf of itself and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Obalon Therapeutics, Inc. ("Obalon" or the "Company"), Andrew P. Rasdal, and William J. Plovanic (collectively, "Defendants") (together, Lead Plaintiff and Defendants are referred to as the "Settling Parties"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of California (the "Litigation").

This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined in ¶1.23, *infra*, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV, *infra*.

# I.   THE LITIGATION

This case is currently pending before the Honorable Anthony J. Battaglia in the United States District Court for the Southern District of California (the "Court") and was brought on behalf of a Class of all persons who purchased or acquired Obalon common stock during the period from October 6, 2016, through and including May 11, 2018.

The initial complaint was filed on February 14, 2018, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. ECF No. 1.

US-DOCS\117097225.4
4812-4450-2977.v7

1      On July 24, 2018, the Court appointed Lead Plaintiff and the firm of Robbins

2  Geller Rudman & Dowd LLP as Lead Counsel.  ECF No. 10.

3      On October 5, 2018, Lead Plaintiff filed the Consolidated Complaint for

4  Violation of the Federal Securities Laws ("Complaint").  In addition to the Exchange

5  Act claims, the Complaint also alleged violations of §§11 and 15 of the Securities

6  Act of 1933 on behalf of plaintiff Teamster Affiliates Pension Plan ("TAPP")

7  (together with Lead Plaintiff, "Plaintiffs"), against UBS Securities LLC, Canaccord

8  Genuity Inc., Stifel Nicolaus & Company Incorporated, and BTIG, LLC (the

9  "Underwriter Defendants") as additional defendants.

10      The Complaint alleged that Defendants made materially false and misleading

11  statements between October 6, 2016 and May 11, 2018 and in their offering

12  materials regarding the Obalon Balloon System's (the "Obalon Balloon") ease of

13  use, safety profile, and efficacy.  ECF No. 17.  The Complaint also alleged that

14  Defendants made materially false and misleading statements regarding the financial

15  health of the Company.  *Id*.  The Complaint further alleged that Defendants

16  materially misled investors when it reported revenue that had not been properly

17  recognized in violation of Generally Accepted Accounting Principles.  *Id*.  Finally,

18  the Complaint alleged that Defendants made materially false and misleading

19  statements that artificially inflated the price of Obalon common stock and that, when

20  the truth was eventually disclosed, the Class suffered substantial damages.  *Id.*

21      On December 4, 2018, Defendants and the Underwriter Defendants filed

22  motions to dismiss the Complaint, as well as requests for incorporation by reference

23  and judicial notice.  *See* ECF Nos. 41-42.  Plaintiffs filed their oppositions on

24  January 18, 2019.  *See* ECF Nos. 48-50.  Defendants and the Underwriter

25  Defendants filed their replies on February 19, 2019.  *See* ECF Nos. 58-59.

26      On September 25, 2019, the Court issued an order ruling on both the

27  Defendants' and Underwriter Defendants' motions to dismiss and requests for

28                                    - 2 -                        3:18-cv-00352-AJB-AHG

incorporation by reference and judicial notice. *See* ECF No. 68. The Court granted in part and denied in part Defendants' motion to dismiss, upholding Lead Plaintiff's claims concerning Obalon's financial condition and revenue recognition scheme. ECF No. 68. The Court granted the Underwriters Defendants' motion to dismiss, holding that TAPP's §11 claim was time-barred. *Id*.

Defendants filed an answer to the Exchange Act claims on October 25, 2019, denying all material allegations. ECF No. 71.

Discovery commenced shortly thereafter. On November 14, 2019, counsel for the Settling Parties met in person to conduct a Rule 26(f) conference. Lead Plaintiff served its initial disclosures on January 6, 2020. On January 10, 2020, Defendants served their initial disclosures.

On February 25, 2020, Lead Plaintiff served its first set of 46 Requests for Production of Documents on Defendants. On February 26, 2020, Defendants served their first set of 31 Requests for Production of Documents on Lead Plaintiff. The Settling Parties met and conferred extensively over the scope and relevance of the total 77 requests. These efforts included numerous telephonic meet and confer sessions and multiple written correspondence wherein the Settling Parties outlined their respective positions. In total, the Settling Parties exchanged over 8,600 pages in discovery.

On November 11, 2019, Lead Plaintiff served Rule 45 document subpoenas on Northland Securities, Inc. and the Underwriter Defendants. Northland Securities produced documents responsive to Lead Plaintiff's Rule 45 Subpoenas on December 6, 2019 and on February 27, 2020.

On April 7, 2020, following extensive negotiations, the Settling Parties jointly moved the Court for entry of a stipulated protective order. ECF No. 87. On April 10, 2020, the Court granted the Settling Parties' motion. ECF No. 88.

1   On May 5, 2020, following extensive negotiations, the Settling Parties filed

2   their Joint Case Management Statement.  ECF No. 93. The Settling Parties reached

3   a resolution of this Litigation before the Court could issue a ruling on the Settling

4   Parties' Joint Case Management Statement.

5   As a result of their Rule 26(f) discussions, the Settling Parties agreed to

6   engage the services of the Hon. Irma Gonzalez (ret.), an experienced mediator.  The

7   Settling Parties participated in a full-day mediation session with Judge Gonzalez on

8   January 30, 2020, but were unable to reach a resolution that day or in the days that

9   followed.

10   Thereafter, and with the benefit of additional discovery, the Settling Parties

11   virtually participated in a court-ordered Early Neutral Evaluation ("ENE")

12   conference all day on May 15, 2020, and again on May 19, 2020, before Magistrate

13   Judge Allison H. Goddard.  With Judge Goddard's able assistance, the Settling

14   Parties agreed to a mediator's proposal to settle the Litigation for $3,150,000.00 in

15   cash (the "Settlement Amount"), subject to the negotiation of the terms of a

16   Stipulation and Agreement of Settlement and approval by this Court.

17
**II.   CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF THIS
        SETTLEMENT TO THE CLASS**
18

19   Lead Plaintiff believes that the claims asserted in the Litigation have merit.

20   However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense

21   and length of continued proceedings necessary to prosecute the Litigation against

22   the Defendants through trial.  Lead Plaintiff and Lead Counsel also have taken into

23   account the uncertain outcome and risks in connection with Defendants' anticipated

24   opposition to any motion for class certification, Defendants' anticipated motion for

25   summary judgment, and persuading a unanimous jury at trial, especially in complex

26   matters such as this Litigation, as well as the risks posed by post-trial motions, and

27   potential appeals from the determination of those motions, or a jury verdict.  Lead

28

Plaintiff and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Litigation. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class, and is fair, reasonable, and adequate.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, any and all allegations and claims asserted by Plaintiffs in the Litigation. As set forth in ¶9.5 below, this Stipulation does not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any concession or admission by Defendants with respect to the truth of any fact alleged or the validity of any claim in this Litigation. Defendants state that they are entering into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e), in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

- 5 -                                            3:18-cv-00352-AJB-AHG

### 1.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of A.B. Data, Ltd.

1.3    "Class" means all Persons who purchased Obalon common stock between October 6, 2016 and May 11, 2018, inclusive, excluding Defendants, directors and officers of Obalon, and their families and affiliates and any defendant previously named as a defendant in this Litigation.  Also excluded are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5    "Class Period" means the period from October 6, 2016 through and including May 11, 2018.

1.6    "Court" means the United States District Court for the Southern District of California.

1.7    "Defendants" means Obalon, Andrew P. Rasdal, and William J. Plovanic.

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Account" means the account controlled by the Escrow Agent into which the Settlement Amount shall be deposited by or on behalf of Defendants as described in ¶3.1 below.

1.10    "Escrow Agent" means Citibank or its successor(s).

1.11    "Fee and Expense Award" is defined in ¶7.1 below.

- 6 -                 3:18-cv-00352-AJB-AHG

1.12 "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Rule 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if a motion to alter or amend is filed under Rule 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.13 "Individual Defendants" means Andrew P. Rasdal and William J. Plovanic.

1.14 "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.15 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

- 7 -                          3:18-cv-00352-AJB-AHG

1      1.16   "Lead Plaintiff" means Inter-Local Pension Fund GCC/IBT.

2      1.17   "Net Settlement Fund" means the Settlement Fund less: (i) the amount

3  of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the

4  PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration

5  Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses

6  approved by the Court.

7      1.18   "Notice" means the Notice of Pendency and Proposed Settlement of

8  Class Action to be sent to Class Members, which, subject to approval of the Court,

9  shall be substantially in the form attached hereto as Exhibit A-1.

10      1.19   "Notice and Administration Expenses" means the fees and expenses

11  reasonably and actually incurred in connection with providing notice, locating Class

12  Members, assisting with the filing of claims, administering and distributing the Net

13  Settlement Fund to Authorized Claimants, processing claim forms, and paying

14  escrow fees and costs, if any.

15      1.20   "Notice Order" is defined in ¶4.1 below.

16      1.21   "Person" means a natural person, individual, corporation, partnership,

17  limited partnership, association, joint stock company, estate, legal representative,

18  trust, unincorporated association, government or any political subdivision or agency

19  thereof, and any business or legal entity and his, her or its spouses, heirs,

20  predecessors, successors, representatives, or assignees.

21      1.22   "Plan of Allocation" means a plan or formula of allocation of the Net

22  Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized

23  Claimants.  Any Plan of Allocation is not part of the Stipulation and the Released

24  Defendant Parties shall have no responsibility or liability with respect to the Plan of

25  Allocation.

26      1.23   "Released Claims" means any and all claims and causes of action of

27  every nature and description whatsoever, including Unknown Claims as defined in

28                                             - 8 -                          3:18-cv-00352-AJB-AHG

¶1.33 hereof, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that either were or could have been asserted in this Litigation, which arise out of, are based upon, or are related in any way to both: (i) the purchase or acquisition, or sale of Obalon securities; and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to, or which could have been alleged, in the Complaint.

1.24 "Released Defendant Claims" means upon the Effective Date, Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants, will release as against Released Plaintiff Parties (as defined below), all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants. Released Defendant Claims shall not include any claims relating to the enforcement of the Settlement.

1.25 "Released Defendant Parties" means: (i) Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants; and (ii) each of their respective family members, and their respective

general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

1.26   "Released Plaintiff Parties" means: (i) Lead Plaintiff and other Class Members; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, including Lead Counsel, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.27   "Settlement Amount" means Three Million One Hundred Fifty Thousand U.S. Dollars ($3,150,000.00) in cash.

1.28   "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.29   "Settlement Hearing" is defined in ¶4.3 below.

1.30   "Settling Parties" means, collectively, Lead Plaintiff on behalf of itself and the Class Members, and Defendants.

1.31   "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

US-DOCS\117097225.4
4812-4450-2977.v7

1    1.32 "Underwriter Defendants" means   UBS Securities LLC, Canaccord
2    Genuity Inc., Stifel Nicolaus & Company Incorporated, and BTIG, LLC.

3    1.33 "Unknown Claims" means any Released Claims or Released Defendant
4    Claims that Defendants, Lead Plaintiff or any other Class Member does not know or
5    suspect to exist in such party's favor at the time of the release, which, if known by
6    such party, might have affected such party's decision to settle or release claims.
7    Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class
8    shall expressly waive, and be deemed to have waived, to the fullest extent permitted
9    by law, the provisions, rights, and benefits of California Civil Code §1542.  Upon
10   the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall
11   expressly waive, and be deemed to have waived, to the fullest extent permitted by
12   law, any and all provisions, rights, and benefits conferred by law of any state or
13   territory of the United States, or principle of common law that are similar,
14   comparable, or equivalent to California Civil Code §1542.  Defendants, Lead
15   Plaintiff and the Class shall be deemed to have, and by operation and order of final
16   judgement shall have fully, finally, and forever settled and released all Released
17   Claims, as the case may be known or unknown, suspected or unsuspected, contingent
18   or non-contingent, whether or not concealed or hidden, upon any theory of law or
19   equity now existing or coming into existence in the future, without regard to the
20   subsequent discovery or existence of different or additional facts.

21   **2.    CAFA Notice**

22   2.1    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten
23   (10) calendar days after the Settlement Agreement is filed with the Court,
24   Defendants, at their own cost, shall serve proper notice of the proposed Settlement
25   upon those who are entitled to such notice pursuant to CAFA.

26
27
28                                     - 11 -                    3:18-cv-00352-AJB-AHG

### 3.    The Settlement

#### a.    The Settlement Fund

3.1    Defendants shall pay or shall cause their insurance carriers to pay $3,150,000.00 (the Settlement Amount) cash into the Escrow Account controlled by the Escrow Agent (subject to Court oversight), within thirty (30) calendar days from the later of: (a) entry of the Court's order preliminarily approving the Settlement; or (b) the date on which the Escrow Agent provides to Defendants: (i) specific bank identification and wiring information (including the physical address of the bank) necessary to wire the Settlement Amount to the Escrow Account, (ii) instructions for the payee and address to which a physical check can be mailed, and (iii) a completed and signed Form W-9 reflecting the tax identification number of the payee.

3.2    Lead Plaintiff shall have the right, but not the obligation, to terminate the Settlement twenty (20) calendar days after any failure of Defendants to timely pay the Settlement Amount in accordance with ¶3.1 above.

3.3    The payment described in ¶3.1 above is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

#### b.    The Escrow Agent

3.4    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.8     Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $300,000.00 in Notice and Administration Expenses.  Prior to the Effective Date, payment of any Notice and Administration Expenses exceeding $300,000.00 shall require notice to, and agreement from, the Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Notice and Administration Expenses.

**c.     Taxes**

3.9     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or

- 13 -                           3:18-cv-00352-AJB-AHG

cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶3.9(a) hereof) shall be consistent with this ¶3.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned on the Settlement Amount shall be paid out of the Settlement Fund as provided in ¶3.9(c) hereof.

(c)   All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court or approval of

- 14 -                              3:18-cv-00352-AJB-AHG

Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.9.

(d)    Except as required by ¶3.1 concerning payment of the Settlement Amount, the Released Defendant Parties are not responsible for Taxes, Tax Expenses, Notice and Administration Expenses, nor shall they be liable for any claims with respect thereto.

### d.    Termination of Settlement

3.10   In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses, pursuant to ¶¶3.8 or 3.9, respectively, shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Defendants' counsel.

### 4.    Notice Order and Settlement Hearing

4.1    Promptly after execution of this Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the

- 15 -                    3:18-cv-00352-AJB-AHG

Stipulation and approval of the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the application for the Fee and Expense Award, and the date of the Settlement Hearing (defined in ¶4.3 below).

4.2    It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

4.3    Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award.

**5.    Releases**

5.1    Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of this Stipulation are not released. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of §1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

- 16 -                                        3:18-cv-00352-AJB-AHG

5.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants, will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Claims to enforce the terms of this Stipulation are not released.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

- 17 -                    3:18-cv-00352-AJB-AHG

6.2     Within fourteen (14) calendar days after execution of this Stipulation, Obalon shall provide or cause to be provided to the Claims Administrator with a list of names and addresses of record holders of Obalon common stock during the Class Period on the transfer agent's books.  This information shall be provided in an electronic format acceptable to the Claims Administrator.   Obalon shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Claims Administrator to mail to all shareholders of record, identified on the list provided by Obalon to the Claims Administrator, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

> (a)     to pay all Notice and Administration Expenses;

> (b)     to pay the Taxes and Tax Expenses described in ¶3.9 hereof;

> (c)     to pay the Fee and Expense Award;

> (d)     to pay any award to Lead Plaintiff as allowed under the PSLRA, subject to the approval of the Court; and

- 18 -                          3:18-cv-00352-AJB-AHG

(e)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than 90 calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as the Court may set, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.7    Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by such date, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

6.8    The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.   Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

6.9    Other than in the event of the termination of the Settlement pursuant to ¶3.10, Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.   These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Legal Aid Society of San Diego.

6.10   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11   Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.   Defendants will have no involvement in reviewing or challenging claims.

6.12   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation

US-DOCS\117097225.4
4812-4450-2977.v7

shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

6.13   No Person shall have any claim against Lead Plaintiff, Lead Counsel, Released Defendant Parties, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court. This does not include any claim by any party for breach of this Stipulation.

## 7.   Lead Counsel's Attorneys' Fees and Expenses

7.1   Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses and charges awarded by the Court (the "Fee and Expense Award") shall be payable solely out of the Settlement Fund. Lead Plaintiff may submit an application for an award under the PSLRA based on its representation of the Class. Any such amounts awarded to Lead Plaintiff shall be paid from the Settlement Fund.

7.2   The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of an order by the Court granting such award. In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to ¶7.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Lead

Counsel shall, in an amount consistent with such reversal, modification, cancellation or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) calendar days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.

7.3   If so ordered by the Court upon preliminary approval, Lead Counsel shall be entitled to provisional reimbursement of 75% of their litigation expenses and charges, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus interest earned thereon if, and when, as a result of any order, the final fee or expense award is lower than that amount.

7.4   The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award, or the award to the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or an award to Lead Plaintiff, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation (including the releases contained herein).

7.5   Neither the Released Defendant Parties nor Defendants' insurers shall have any responsibility for or liability with respect to the payment of any Fee and Expense Award to Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

## 8.   Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

8.1   The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

- 22 -                      3:18-cv-00352-AJB-AHG

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account as provided by ¶3.1 hereof;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Litigation, as to the Settling Parties, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.12 hereof.

8.2     This is not a claims-made settlement.  As of the Effective Date, Defendants, their insurance carriers, and/or any other such persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Obalon common stock during the Class Period in an amount greater than the sum specified (the "Opt-

US-DOCS\117097225.4
4812-4450-2977.v7

Out Threshold") in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement is incorporated by reference into this Stipulation. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or application arises. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel.

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund, less Notice and Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred pursuant to ¶¶3.8 or 3.9 hereof, shall be refunded pursuant to written instructions from Defendants' counsel. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in

accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of June 16, 2020.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.33, 3.8-3.10, 7.2, 8.4-8.5, 9.2, 9.4, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of June 16, 2020, and shall be required to present an amended pre-trial schedule to the Court. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel, shall constitute grounds for cancellation or termination of the Stipulation.

8.6    In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and the judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void.  In such instance, the releases given and the judgement entered in favor of other Defendants shall remain in full force and effect. Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all the releases given and the judgments entered in favor of the

Defendants pursuant to the Settlement shall be null and void, and Lead Plaintiff may proceed as if the Settlement was never entered into.

### 9.    Miscellaneous Provisions

9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2    The Settlement will not be conditioned upon the obtaining of or any judicial approval of any releases between or among Defendants or third parties.

9.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.   The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Defendant Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

9.4    The Settling Parties and their counsel mutually agree that, throughout the course of this Litigation, all parties and their counsel complied with the provisions of Rule 11 relating to the prosecution, defense or settlement of the Litigation, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.5    Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings or act performed or document executed

pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendant Parties, Lead Plaintiff, Class Members, and Lead Counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

9.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to its terms.

9.7    The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.  The Settling Parties agree that, unless required by law, no press release or other written public statements purporting to characterize the Settlement may be made without the approval of counsel for all parties, which approval shall not unreasonably be withheld.  A party intending to issue a press release or other written public statement purporting to characterize the Settlement shall provide a draft of the statement to counsel for the other parties at least 24 hours in advance of such statement.  For the avoidance of doubt, nothing in this paragraph shall be construed as prohibiting, or placing restrictions on, the public disclosure of the fact of, terms of, or Court-approved notice of the Settlement, including on Plaintiffs' counsel's firm websites.

9.8    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.10    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.11    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.12    The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶8.3) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.13    This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Litigation, and as more fully described herein. If any provision of this Settlement Agreement shall be determined to be invalid,

- 28 -        3:18-cv-00352-AJB-AHG

void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.14   Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.   Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Amount.

9.15   Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.16   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.17   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) five (5) business

- 29 -                   3:18-cv-00352-AJB-AHG

days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> ***If to Lead Plaintiff or to Lead Counsel***:
> Rachel L. Jensen
> ROBBINS GELLER RUDMAN & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> ***If to Defendants or to Defendants' counsel***:
>
> Colleen Smith
> LATHAM & WATKINS LLP
> 12670 High Bluff Drive
> San Diego, CA  92130

9.18   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

9.19   The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.20   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.21   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all members of the Class shall be barred and enjoined from commencing any action to prosecute or prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.22   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State

- 30 -                    3:18-cv-00352-AJB-AHG

1  of California, and the rights and obligations of the parties to the Stipulation shall be

2  construed and enforced in accordance with, and governed by, the internal,

3  substantive laws of the State of California, without giving effect to that State's

4  choice-of-law principles.

5      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to

6  be executed, by their duly authorized attorneys, dated August 17, 2020.

7                                ROBBINS GELLER RUDMAN
                                    & DOWD LLP
8                                RACHEL L. JENSEN
                                 ROBERT R. HENSSLER JR.
9                                JEFFREY J. STEIN
                                 FRANCISCO J. MEJIA
10

11

12  _____
                                 RACHEL L. JENSEN
13
                                 655 West Broadway, Suite 1900
14                               San Diego, CA  92101
                                 Telephone: 619/231-1058
15                               619/231-7423 (fax)

16                               Lead Counsel for Lead Plaintiff

17

18                               LATHAM & WATKINS LLP
                                 MICHELE D. JOHNSON
19                               KRISTIN N. MURPHY

20

21  _____
22                               KRISTIN N. MURPHY

23                               650 Town Center Drive, 20th Floor
                                 Costa Mesa, CA 92626
24                               Telephone: 714/540-1235
                                 714/755-8290 (fax)
25

26

27

28                                    - 31 -              3:18-cv-00352-AJB-AHG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
COLLEEN SMITH
12670 High Bluff Drive
San Diego, CA 92130-3086
Telephone: 858/523-5400
858/523-5450 (fax)

Counsel for Defendants Obalon
Therapeutics, Inc., William J. Plovanic,
and Andrew P. Rasdal

- 32 -                    3:18-cv-00352-AJB-AHG

**INDEX OF EXHIBITS TO STIPULATION AND
AGREEMENT OF CLASS ACTION SETTLEMENT**

| DOCUMENT | EXHIBIT | PAGES |
|---|---|---|
| Order Preliminarily Approving Settlement and Providing for Notice | A | 1- 10 |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 | 11 - 31 |
| Proof of Claim and Release | A-2 | 32 - 42 |
| Summary Notice | A-3 | 43 - 46 |
| Final Judgment and Order of Dismissal with Prejudice | B | 47 - 52 |

3:18-cv-00352-AJB-AHG

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12  In re OBALON THERAPEUTICS,          )  Master File No. 3:18-cv-00352-AJB-AHG
    INC. SECURITIES LITIGATION         )
13                                      )  CLASS ACTION
                                        )
14  _____ )
                                        )  ORDER PRELIMINARILY
15  This Document Relates To:           )  APPROVING SETTLEMENT AND
                                        )  PROVIDING FOR NOTICE
16        ALL ACTIONS.                  )
                                        )  [EXHIBIT A TO STIPULATION AND
17  _____ )  AGREEMENT OF CLASS ACTION
                                           SETTLEMENT]
18
19
20
21
22
23
24
25
26
27
28

4810-8054-4193.v4

Exhibit A
-2-

1    WHEREAS, the parties have participated in settlement negotiations before

2    Magistrate Judge Allison H. Goddard and entered into a Stipulation and Agreement of

3    Class Action Settlement dated August 17, 2020 (the "Stipulation"), which, together

4    with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed

5    Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the

6    terms and conditions set forth therein; and

7    WHEREAS, the parties having made a joint application pursuant to Federal

8    Rule of Civil Procedure ("Rule") 23(e) for an order preliminarily approving the

9    Settlement set forth in the Stipulation; and the Court having read and considered the

10   Stipulation and the Exhibits annexed thereto; and

11   WHEREAS, unless otherwise defined, all terms used herein have the same

12   meanings as set forth in the Stipulation.

13   NOW, THEREFORE, IT IS HEREBY ORDERED:

14   1.    The Court has reviewed the Stipulation and does hereby preliminarily

15   approve the Settlement set forth therein, subject to further consideration at the

16   Settlement Hearing described below.

17   2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

18   Procedure, and for purposes of this Settlement only, the Litigation is hereby

19   preliminarily certified as a class action on behalf of all Persons who purchased Obalon

20   common stock between October 6, 2016 and May 11, 2018, inclusive, excluding

21   Defendants, directors and officers of Obalon, and their families and affiliates and any

22   defendant previously named as a defendant in this Litigation.  Also excluded are those

23   Persons who timely and validly request exclusion from the Class pursuant to the

24   Notice.

25   3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

26   purposes of settlement only, Lead Plaintiff is preliminarily certified as Class

27   Representative for the Class and Robbins Geller Rudman & Dowd LLP is

28   preliminarily appointed as Class Counsel for the Class.

4810-8054-4193.v4

1          4.     A hearing (the "Settlement Hearing") shall be held before this Court on

2   _____, 2020, at _____ [a.m./p.m.] [a date that is at least 100 calendar days from

3   the date of this Order], at the United States District Court for the Southern District of

4   California, 221 West Broadway, Courtroom 4A, San Diego, California 92101, to

5   determine whether the proposed Settlement of the Litigation on the terms and

6   conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class

7   and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the

8   Stipulation should be entered; whether the proposed Plan of Allocation is fair,

9   reasonable, and adequate and should be approved; to determine the amount of fees and

10  expenses that should be awarded to Lead Counsel; and to determine the amount to be

11  awarded to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its

12  representation of the Class.  The Court may adjourn the Settlement Hearing or hold it

13  via videoconference or teleconference without further notice to the Class Members.

14         5.     The Court approves, as to form and content, the Notice of Pendency and

15  Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release

16  form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1,

17  A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice

18  and publishing of the Summary Notice substantially in the manner and form set forth

19  in ¶¶8-9 of this Order meet the requirements of Rule 23, the Private Securities

20  Litigation Reform Act of 1995, and due process, and is the best notice practicable

21  under the circumstances and shall constitute due and sufficient notice to all Persons

22  entitled thereto.

23         6.     The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby

24  appointed to supervise and administer the notice procedure as well as the processing

25  of claims as more fully set forth below.

26         7.     Within fourteen (14) calendar days after execution of the Stipulation,

27  Obalon shall provide or cause to be provided to the Claims Administrator with a list of

28  names and addresses of record holders of Obalon common stock during the Class

Period on the transfer agent's books.  This information shall be provided in an electronic format acceptable to the Claims Administrator.  Obalon shall be responsible for any costs or expenses related to providing this information.

8. Not later than _____, 2020 (the "Notice Date") [ten (10) business days after the Court signs and enters this Order], the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.obalonsecuritieslitigation.com.

9. Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

10. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. Nominees who purchased Obalon common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Obalon common stock within ten (10) business days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

12.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

13.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.   Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

14.     Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

15.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2020 [twenty-one (21) calendar days prior to the Settlement Hearing] to the address designated in the Notice.  A Request for Exclusion must be signed and state:   (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Obalon common stock from October 6, 2016 through and including May 11, 2018, including the dates, the number of shares of Obalon common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall

4810-8054-4193.v4

1  not share in the distribution of the Net Settlement Fund, and shall not be bound by the

2  Stipulation or any final judgment.

3       16.    Lead Counsel shall cause to be provided to Defendants' counsel copies of

4  all Requests for Exclusion, and any written revocation of Requests for Exclusion, as

5  expeditiously as possible and in any event not less than fourteen (14) calendar days

6  prior to the Settlement Hearing.

7       17.    Any Class Member may appear at the Settlement Hearing and show

8  cause why the proposed Settlement of the Litigation should or should not be approved

9  as fair, reasonable, and adequate, why a judgment should or should not be entered

10  thereon, why the Plan of Allocation should or should not be approved, why attorneys'

11  fees and expenses should or should not be awarded to Lead Counsel, or why Lead

12  Plaintiff should not be awarded an amount in connection with its representation of the

13  Class; provided, however, that no Class Member or any other Person shall be heard or

14  entitled to contest such matters, unless that Person has delivered by hand or sent by

15  First-Class Mail written objections and copies of any papers and briefs such that they

16  are received, not simply postmarked, on or before _____, 2020 [twenty-one (21)

17  calendar days prior to the Settlement Hearing], by Robbins Geller Rudman & Dowd

18  LLP, Rachel L. Jensen, 655 West Broadway, Suite 1900, San Diego, California

19  92101; and Latham & Watkins LLP, Colleen Smith, 12670 High Bluff Drive, San

20  Diego, California 92130, and filed said objections, papers, and briefs with the Clerk of

21  the United States District Court for the Southern District of California, 333 West

22  Broadway, Suite 420, San Diego, California 92101, on or before _____, 2020

23  [twenty-one (21) calendar days prior to the Settlement Hearing].   The notice of

24  objection must demonstrate the objecting Person's membership in the Class, including

25  the number of shares of Obalon common stock purchased and sold during the Class

26  Period and contain a statement of the reasons for objection.   The objection must state

27  whether it applies only to the objector, to a specific subset of the Class, or to the entire

28  Class.   The objection must identify any other actions in which the objector or the

objector's counsel has filed, or participated in the filing of, an objection of any nature. The objection must also state with specificity the grounds for the objection.  Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or award to Lead Plaintiff, unless otherwise ordered by the Court.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees and expenses or award to Lead Plaintiff shall be filed and served by _____, 2020 [thirty-five (35) calendar days prior to the Settlement Hearing]. Replies to any objections shall be filed and served by _____, 2020 [seven (7) calendar days prior to the Settlement Hearing].

20.     The Released Defendant Parties shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for an award of attorneys' fees and expenses shall be approved.

22.     Lead Counsel shall be provisionally paid an amount representing approximately 75% of their litigation expenses and charges, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus

4810-8054-4193.v4

1   interest earned thereon if, and when, as a result of any order, the final fee or expense

2   award is lower than that amount.

3          23.    All reasonable expenses incurred in identifying and notifying Class

4   Members, as well as administering the Settlement Fund, shall be paid as set forth in

5   the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise

6   fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any

7   obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶3.8 or

8   3.9 of the Stipulation.

9          24.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

10  negotiations or proceedings connected with it, shall be construed as an admission or

11  concession by the Defendants of the truth of any of the allegations in the Litigation, or

12  of any liability, fault, or wrongdoing of any kind, nor construed as, or deemed to be

13  evidence of, or an admission or concession that Lead Plaintiff or any Class Members

14  have suffered any damages, harm, or loss.

15         25.    The Court reserves the right to adjourn the date of the Settlement Hearing

16  without further notice to the Class Members, and retains jurisdiction to consider all

17  further applications arising out of or connected with the proposed Settlement.  The

18  Court also reserves the right to conduct the Settlement Hearing telephonically or by

19  videoconference without further notice to the Class Members.  The Court may

20  approve the Settlement, with such modifications as may be agreed to by the Settling

21  Parties, if appropriate, without further notice to the Class.

22         26.    If the Stipulation and the Settlement set forth therein is not approved or

23  consummated or the Effective Date as provided in the Stipulation fails to occur for

24  any reason whatsoever, then this Order shall be rendered null and void to the extent

25  provided by and in accordance with the Stipulation, and in such event, all orders

26  entered and releases delivered in connection herewith shall be null and void to the

27  extent provided by and in accordance with the Stipulation and all proceedings had in

28

4810-8054-4193.v4

Exhibit A
-9-

1   connection therewith shall be without prejudice to the rights of the Settling Parties

2   *status quo ante*.

3        27.    Pending final determination of whether the proposed Settlement should

4   be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly,

5   representatively, or in any other capacity, shall commence or prosecute against any of

6   the Defendants, any action or proceeding in any court or tribunal asserting any of the

7   Released Claims.

8        28.    Pending further order of the Court, all litigation activity, except that

9   contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in

10  the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in

11  the Litigation, except the Settlement Hearing and any deadlines set forth in this Order,

12  are hereby taken off calendar.

13       IT IS SO ORDERED.

14  DATED: _____          _____

15                           HONORABLE ANTHONY J. BATTAGLIA
                          UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  RACHEL L. JENSEN (211456)
   ROBERT R. HENSSLER JR. (216165)
3  JEFFREY J. STEIN (265268)
   FRANCISCO J. MEJIA (306477)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  rachelj@rgrdlaw.com
   bhenssler@rgrdlaw.com
7  jstein@rgrdlaw.com
   fmejia@rgrdlaw.com
8
   Lead Counsel for Lead Plaintiff
9
              UNITED STATES DISTRICT COURT
10
            SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| In re OBALON THERAPEUTICS,<br>INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-00352-AJB-AHG |
| | ) CLASS ACTION |
| ――――――――――――――――― | ) NOTICE OF PENDENCY AND |
| This Document Relates To: | ) PROPOSED SETTLEMENT OF CLASS<br>) ACTION |
| ALL ACTIONS. | ) [EXHIBIT A-1 TO STIPULATION AND |
| ――――――――――――――――― | ) AGREEMENT OF CLASS ACTION<br>SETTLEMENT] |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OBALON THERAPEUTICS, INC. ("OBALON") COMMON STOCK BETWEEN THE DATES OF OCTOBER 6, 2016 AND MAY 11, 2018, INCLUSIVE**

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOUR RIGHTS CONCERNING A PROPOSED CLASS ACTION SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU MUST SUBMIT A CLAIM FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENT. IF YOU DO NOT SUBMIT A CLAIM BY THE DEADLINE, YOU WILL NOT HAVE ANY RIGHT TO CLAIM PART OF THE SETTLEMENT FUND OR SUE LATER, UNLESS YOU HAVE ELECTED TO TIMELY OPT OUT OF THE CLASS.

This Notice concerns a lawsuit brought on behalf of a "Class" of investors (individuals and entities) who purchased Obalon common stock during the period from October 6, 2016 through and including May 11, 2018 (the "Class Period").[1] The lawsuit is referred to as *In re Obalon Therapeutics, Inc. Securities Litigation*, No. 3:18-cv-00352-AJB-AHG (S.D. Cal.) (the "Litigation") and is pending before the Honorable Anthony J. Battaglia in the United States District Court for the Southern District of California (the "Court").

This Notice is to inform you that the Lead Plaintiff in the Litigation, Inter-Local Pension Fund GCC/IBT ("Lead Plaintiff" or "Inter-Local"), on behalf of itself and the Class of investors who purchased Obalon common stock during the Class Period, has reached an agreement with Defendants Obalon, Andrew P. Rasdal, and William J. Plovanic (collectively, "Defendants") to settle the Litigation (the "Settlement"). If the Court approves the Settlement, all claims in the Litigation against the Released Defendant Parties (defined in Question 25 below) will be resolved.

**Overview of the Action and Settlement**: This Litigation alleges claims on behalf of the Class under the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants. Lead Plaintiff, on behalf of the Class, alleges that Defendants made materially false and misleading statements and/or failed to disclose material facts regarding Obalon's financial condition. Lead Plaintiff further alleges that Defendants materially misled investors by prematurely reporting revenue generated in connection with a promotional sale of the Obalon Balloon System in violation of Generally Accepted Accounting Principles ("GAAP"). Lead Plaintiff alleges that Defendants' material misstatements and omissions caused the price of Obalon stock to be artificially inflated. Defendants deny any wrongdoing, fault, or liability. As a result of settlement negotiations with the assistance of the magistrate judge, the parties have agreed to the Settlement described below, subject to Court approval. More detailed descriptions of the Litigation and the Settlement are set forth below.

**Statement of the Recovery**: Lead Plaintiff has agreed to settle all claims asserted in the Litigation and grant Released Defendant Parties a full and complete release in exchange for a cash payment of $3,150,000 (the "Settlement Amount"). The Settlement Amount and any interest earned thereon is referred to as the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any Taxes, attorneys' fees, expert fees, Notice and Administration Expenses, litigation expenses, or other

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Class Action Settlement dated August 17, 2020 (the "Stipulation"), which is available on the settlement website, www.obalonsecuritieslitigation.com.

4810-5433-1329.v5

1  costs and expenses approved by the Court) will be distributed in accordance with the
2  plan of allocation that is approved by the Court (the "Plan of Allocation"), which
   will determine how the Net Settlement Fund will be allocated among members of
   the Class who become eligible to participate in the distribution of the Net Settlement
3  Fund by submitting a timely and valid Proof of Claim and Release form ("Proof of
4  Claim" or "Claim Form").   The proposed Plan of Allocation is included in this
   Notice at pages __ below.

5  Based on the analysis performed by Lead Plaintiff's damages expert, the estimated
6  average recovery per share for a Class Member from the Settlement Fund (before
   the deduction of any Court-approved fees, expenses and costs as described herein)
   would be approximately $0.31 per share.   This amount assumes all eligible Class
7  Members submit valid and timely Proofs of Claim.   If fewer than all members of
8  Class submit timely and valid Proofs of Claim, which is likely, the distributions per
   share will be higher.   A Class Member's actual recovery will be a proportion of the
   Net Settlement Fund determined by the number of that Class Member's eligible
9  shares as compared to the total eligible shares of all Class Members who submit
10 timely and valid Proofs of Claim.   *See* the Plan of Allocation beginning on page __
   for details and more information.

11 Lead Counsel intends to seek attorneys' fees not to exceed one-third of the
12 Settlement Amount.   In addition, Lead Counsel intends to seek payment of its
   expenses in connection with the prosecution of the Litigation in an amount not to
13 exceed $150,000.  Such requested attorneys' fees and expenses would amount to an
   average of approximately $0.12 per share of Obalon common stock.  In addition, the
14 distribution will be reduced by Notice and Administration Expenses and any award
   to Lead Plaintiff approved by the Court not to exceed $8,000.   These amounts are
15 only estimates and are subject to approval by the Court.

16 Lead Plaintiff and Defendants do not agree on the average amount of damages per
   share, if any, that would have been recoverable if Lead Plaintiff were to have
17 prevailed on each claim alleged.  Defendants deny that they are liable in any respect
   to Lead Plaintiff or that the Class suffered any injury and deny that they have
18 violated the federal securities laws or any laws.  The issues on which the parties
   disagree are many, but include: (1) whether Defendants engaged in conduct that
19 would give rise to any liability to the Class under the federal securities laws, or any
   other laws; (2) whether Defendants have valid defenses to any such claims of
20 liability; (3) the appropriate economic model for determining the amount by which
   the price of Obalon common stock was allegedly artificially inflated (if at all) during
21 the Class Period; (4) the amount by which the price of Obalon common stock was
   allegedly artificially inflated (if at all) during the Class Period; (5) the effect of
22 various market forces on the price of Obalon common stock at various times during
   the Class Period; (6) the extent to which external factors influenced the price of
23 Obalon common stock at various times during the Class Period; (7) the extent to
   which the various matters that Lead Plaintiff alleged were materially false or
24 misleading influenced (if at all) the price of Obalon common stock at various times
   during the Class Period; and (8) the extent to which the various allegedly adverse
25 material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price
   of Obalon common stock at various times during the Class Period.

26 Lead Plaintiff believes that the proposed Settlement is a good recovery and is in the
27 best interests of the Class.  Because of the risks associated with continuing to litigate
   and proceeding to trial, there was a danger that the Class would not have prevailed
   on any of its claims, in which case the Class would receive nothing.   Also, the
28 amount of damages recoverable by the Class was and is challenged by Defendants.

4810-5433-1329.v5

Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would likely have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors.  Defendants also would likely have asserted that throughout the Class Period the uncertainties and risks associated with the purchase of Obalon common stock were fully and adequately disclosed.  The proposed Settlement provides a certain benefit to Class Members and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

**Identification of Attorneys' Representatives**:  Lead Plaintiff and the Class are represented by Lead Counsel identified in Question 16 below.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED ONLINE BY _____, 2020** | This is the only way to be eligible to get a payment from the Settlement.  If you wish to participate in the Settlement, you will need to complete and submit the enclosed Proof of Claim.  Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and do not submit it within the time required will be bound by the Settlement but will not participate in any distribution of the Net Settlement Fund. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS POSTMARKED NO LATER THAN _____, 2020** | You will not be bound by the results of this lawsuit, and you will not receive any payment.  This is the **only** option that allows you to ever be part of any other lawsuit against the Released Defendant Parties about the legal claims related to the issues raised in this Litigation. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2020** | If you believe the Settlement is objectionable in any respect, you may write to the Court about why you oppose the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a member of the Class. |
| **ATTEND THE SETTLEMENT HEARING ON _____, 2020, AT ____.M., AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO LEAD COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____, 2020** | The hearing on whether to approve the Settlement is scheduled for _____, 2020, at ____.m. (the "Settlement Hearing") and is open to the public.  You do not need to attend the hearing unless you wish to speak either in support of the Settlement or in support of any objection you may have submitted, and have submitted to Lead Counsel a Notice of Intention to Appear so that it is received no later than |

- 3 -                                3:18-cv-00352-AJB-AHG

| | |
|---|---|
| | _____, 2020.  The Court may postpone the Settlement Hearing without prior notice or decide to hold the Settlement Hearing by telephone or videoconference. |
| **DO NOTHING** | If you are a Class Member and do not submit a Proof of Claim postmarked or submitted online by _____, 2020, you will not be eligible to receive any payment from the Settlement Fund. You will, however, be bound by the Settlement, unless you have requested exclusion from the Class. |

These rights and options are explained in further detail later in this Notice.

### Further Information

For further information regarding this Settlement, you may contact Lead Counsel: Rachel L. Jensen, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

4810-5433-1329.v5

1

**TABLE OF CONTENTS**

2                                                                          Page No.

3   **1.    Why did I get this Notice?**                                    ____

4   **2.    What is this lawsuit about?**                                   ____

5   **3.    Why is this a class action?**                                   ____

6   **4.    Why is there a settlement?**                                    ____

7   **5.    How do I know if I am part of the Settlement?**                 ____

8   **6.    Are there exceptions to being included?**                      ____

9   **7.    What if I am still not sure if I am included?**                 ____

10  **8.    What does the Settlement provide?**                             ____

11  **9.    How much will my payment be?**                                  ____

12  **10.   How can I receive a payment?**                                  ____

13  **11.   When would I receive my payment?**                              ____

14  **12.   What am I giving up to receive a payment or to stay in the Class?**   ____

15  **13.   How do I get out of the proposed Settlement?**                  ____

16  **14.   If I do not exclude myself, can I sue the Defendants and the**  ____
17  **        other Released Defendant Parties for the same thing later?**

18  **15.   If I exclude myself, can I get money from the proposed**        ____
19  **        Settlement?**

20  **16.   Do I have a lawyer in this case?**                              ____

21  **17.   How will the lawyers be paid?**                                 ____
22

23  **18.   Can I hire my own lawyer?**                                     ____

24  **19.   How do I tell the Court that I object to the proposed Settlement?**   ____

25  **20.   What is the difference between objecting and excluding myself?**   ____

26  **21.   When and where will the Court decide whether to approve the**   ____
         **proposed Settlement?**

27  **22.   Do I have to come to the hearing?**                             ____
28

**23.**   **May I speak at the hearing?**   ____

**24.**   **What happens if I do nothing at all?**   ____

**25.**   **What happens if the proposed Settlement is approved?**   ____

**26.**   **How do I get more information about the proposed Settlement?**   ____

**SPECIAL NOTICE TO NOMINEES**   ____

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**   ____

## BASIC INFORMATION

### 1.      Why did I get this Notice?

You have received this Notice because the parties are seeking approval of a proposed Settlement on behalf of the Class in this Litigation, and you have been identified as a potential Class Member either from the transfer agent's record of ownership of Obalon common stock or by your broker or custodian if you purchased or acquired Obalon stock in "street name."

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2.      What is this lawsuit about?

This case is currently pending before the Honorable Anthony J. Battaglia in the United States District Court for the Southern District of California. The initial complaint in this case, entitled *Hustig v. Obalon Therapeutics, et al.*, No. 3:18-CV-0352-AJB-WVG, was filed in the Court on February 14, 2018. On July 24, 2018, the Court appointed Inter-Local as Lead Plaintiff.

On October 10, 2018, Lead Plaintiff and another plaintiff filed the Consolidated Complaint for Violation of the Federal Securities Laws, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and §§11 and 15 of the Securities Act of 1933 ("Complaint"). The Complaint alleged that Defendants made materially false and misleading statements during the Class Period and in their offering materials regarding the Obalon Balloon System's (the "Obalon Balloon") ease of use, safety profile, and efficacy. It also alleged that, during the Class Period, Defendants made materially false and misleading statements and/or failed to disclose material facts regarding Obalon's financial health. The Complaint further alleged that Defendants materially misled investors when they prematurely reported revenue results from a promotional sale of the Obalon Balloon in violation of GAAP. And it alleged that Defendants made materially false and misleading statements that artificially inflated the price of Obalon common stock and that when the truth was eventually disclosed the Class suffered substantial damages.

On December 4, 2018, Defendants moved to dismiss the Complaint. On September 25, 2019, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. The Court denied Defendants' motion to dismiss with respect to Defendants' statements concerning Obalon's financial condition and statements concerning Obalon's recognition of revenue. The Court dismissed the §§11 and 15 claims. Thereafter, Defendants filed an answer denying all material allegations in the Complaint and asserting defenses thereto.

Discovery commenced shortly thereafter. On November 14, 2019, counsel for the parties met in person to conduct a Fed. R. Civ. P. ("Rule") 26(f) conference. Lead Plaintiff served its initial disclosures on January 6, 2020. On January 10, 2020, Defendants served their initial disclosures. In total, the parties exchanged over 8,600 pages in discovery prior to engaging in settlement discussions.

On January 30, 2020, the parties participated in a full–day mediation session with the Honorable Irma Gonzalez (ret.) but were unable to reach a resolution.  With the benefit of additional discovery, the parties thereafter virtually attended a court-ordered Early Neutral Evaluation conference on May 15 and 19, 2020, before the Honorable Allison H. Goddard, magistrate judge.  These efforts culminated with the Settling Parties agreeing to settle the Litigation for $3,150,000.00, subject to agreement on non-monetary terms and approval by the Court.

On _____, 2020, the Court entered an order preliminarily approving the proposed Settlement, authorizing the mailing of this Notice to potential Class Members, and scheduling the Settlement Hearing to consider whether to grant final approval of the Settlement.

**This Notice is NOT an expression of the Court's opinion on the merits or the lack of merits of any of Lead Plaintiff's claims in the Litigation or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in this Litigation to date, please see the Stipulation and other court filings, which are available at www.obalonsecuritieslitigation.com.  Instructions on how to get more information are also included in Question 26 below.

| **3.** | **Why is this a class action?** |

In a class action, one or more persons or entities (in this case, the Lead Plaintiff) sue on behalf of other people and entities who have similar claims.  Together, these people and entities are referred to as a Class, and each is a Class Member.  One court resolves the issues for all Class Members at the same time, except for those Class Members who exclude themselves or "opt out" from the Class.

| **4.** | **Why is there a settlement?** |

Lead Plaintiff made claims against Defendants on behalf of the Class.  Defendants deny that they have done anything wrong or violated any statute and admit no liability.  The Court has not decided in favor of Defendants or the Class.  Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Lead Plaintiff agreed to the Settlement to ensure that Class Members will receive compensation.  Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Class Members in light of the possibility that continued litigation could result in no recovery at all.

### WHO IS IN THE SETTLEMENT?

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| **5.** | **How do I know if I am part of the Settlement?** |

The Court directed that everyone who fits this description is a Class Member: *all Persons who purchased Obalon common stock between October 6, 2016 and May 11, 2018, inclusive*, except those Persons that are excluded, as described below.

**PLEASE NOTE:   RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF**

- 8 -                                3:18-cv-00352-AJB-AHG

**YOU ARE A CLASS MEMBER AND WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS INCLUDED WITH THIS NOTICE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2020.**

**6.     Are there exceptions to being included?**

Excluded from the Class are Defendants, directors and officers of Obalon, and their families and affiliates and any defendant previously named as a defendant in this Litigation.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

**7.     What if I am still not sure if I am included?**

If you are still not sure whether you are included in the Settlement, you can ask for free help.  You can contact the Claims Administrator toll-free at 877-883-7664, or you can fill out and return the Proof of Claim enclosed with this Notice, to see if you qualify.

**SETTLEMENT BENEFITS – WHAT YOU MAY GET**

**8.     What does the Settlement provide?**

A settlement has been reached in the Litigation between Lead Plaintiff and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto.  The following description of the proposed Settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.obalonsecuritieslitigation.com, for a full statement of its provisions.

The Settlement Fund consists of Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Lead Counsel, to pay for this Notice and the processing of claims submitted by Class Members, any award to Lead Plaintiff, and to pay Taxes and Tax Expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the Settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

**9.     How much will my payment be?**

Your share of the fund will depend on several things, including how many Class Members submit a timely and valid Proof of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Class Members send in, the number of shares of Obalon common stock you purchased during the Class Period, how much you paid for the shares, when you purchased them, and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim.  It is unlikely that you will get a payment for the full amount of your claim.

- 9 -                           3:18-cv-00352-AJB-AHG

After all Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims. *See* the Plan of Allocation on pages _____ for more information on your claim.

| 10. | **How can I receive a payment?** |
|---|---|

You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed Settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed Settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim is enclosed with this Notice or it may be downloaded at www.obalonsecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it to the Claims Administrator so that it is *postmarked or electronically submitted no later than _____, 2020.* The Claim Form may be submitted online at www.obalonsecuritieslitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| 11. | **When would I receive my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____, *2020, at ___ ___.m.*, to decide whether to approve the Settlement. The Court may postpone or hold the hearing by telephone or videoconference without further notice to the Class.

If the Court approves the Settlement after that hearing, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | **What am I giving up to receive a payment or to stay in the Class?** |
|---|---|

If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the Settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendant Parties, whether or not you submit a valid Proof of Claim.

## EXCLUDING YOURSELF FROM THE CLASS

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. *If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an*

3:18-cv-00352-AJB-AHG

4810-5433-1329.v5

*attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.*

     If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

*Obalon Litigation*
Claims Administrator
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O Box 173001
Milwaukee, WI 53217

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you wish to be "excluded from the Class and do not wish to participate in the settlement in *In re Obalon Therapeutics, Inc. Securities Litigation*, No. 3:18-cv-00352-AJB-AHG (S.D. Cal.)"; (3) state the date(s), price(s), and number of shares of all purchases and/or sales of Obalon common stock during the period between October 6, 2016 and May 11, 2018, inclusive; and (4) be signed by you or your representative. *YOUR EXCLUSION REQUEST MUST BE POSTMARKED NO LATER THAN _____, 2020.* No request for exclusion will be considered valid unless all of the information described above is included in any such request. No further opportunity to request exclusion will be given in this Litigation. If you choose to be excluded from the Class, (a) you are not entitled to share in the proceeds of the Settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the Settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigation.

| **14. If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
| --- |

     No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by applicable statutes of limitations or statutes of repose. If you have a pending lawsuit against any Defendant or Released Defendant Party, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, *2020*.

| **15. If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

     No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But, you may be able to sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties about the claims raised in this Litigation.

### THE LAWYERS REPRESENTING YOU

| **16. Do I have a lawyer in this case?** |
| --- |

     The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class, including you. These lawyers are called Lead Counsel. You

- 11 -

3:18-cv-00352-AJB-AHG

will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of not more than one-third of the Settlement Amount, plus expenses not to exceed $150,000, plus interest thereon. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor have counsel been paid their expenses. The fee requested by Lead Counsel will compensate counsel for its efforts in achieving the Settlement for the benefit of the Class, and for its risk in undertaking this representation on a wholly contingent basis. Lead Counsel believes that the fee requested is well within the range of fees awarded to plaintiff's counsel under similar circumstances in other litigation of this type. The fee to be requested has been approved by the Lead Plaintiff.

**18.    Can I hire my own lawyer?**

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2020, and must serve copies of such appearance on the attorneys listed below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel: Robbins Geller Rudman & Dowd LLP, Rachel L. Jensen, 655 West Broadway, Suite 1900, San Diego, CA 92101.

|  **LEAD COUNSEL**  |  **COUNSEL FOR DEFENDANTS**  |
|---|---|
| Robbins Geller Rudman & Dowd LLP Rachel L. Jensen 655 West Broadway Suite 1900 San Diego, CA 92101 | Latham & Watkins LLP Colleen Smith 12670 High Bluff Drive San Diego, CA 92130 |

**OBJECTING TO THE SETTLEMENT**

**19.    How do I tell the Court that I object to the proposed Settlement?**

Any Class Member who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing.

The Court can only approve or deny the Settlement, not change its terms. You can ask the Court to deny approval by filing an objection.

You may object to the proposed Settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All

- 12 -                                    3:18-cv-00352-AJB-AHG

written objections and supporting papers must (a) clearly identify the case name and number (*In re Obalon Therapeutics, Inc. Securities Litigation*, No. 3:18-cv-00352-AJB-AHG (S.D. Cal.)), and (b) be filed with the Clerk of the Court, 333 West Broadway, Suite 420, San Diego, California 92101, and received by the following counsel: Robbins Geller Rudman & Dowd LLP, Rachel L. Jensen, 655 West Broadway, Suite 1900, San Diego, California 92101; and Latham & Watkins LLP, Colleen Smith, 12670 High Bluff Drive, San Diego, California 92130.   Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2020.**

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Obalon common stock purchased and sold during the Class Period and contain a statement of the reasons for objection. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  The objection must identify any other actions in which the objector or the objector's counsel has filed, or participated in the filing of, an objection of any nature.  The objection must also state with specificity the grounds for the objection.  Only members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.  Any member of the Class who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

| **20.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or the fee and expense application.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.

### THE COURT'S SETTLEMENT HEARING

| **21.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Settlement Hearing will be held on _____, 2020, at _____, before the Honorable Anthony J. Battaglia, United States District Judge, at the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101.  The purpose of the Settlement Hearing will be to determine: (1) whether the proposed Settlement, as set forth in the Stipulation, consisting of Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00) in cash, should be approved as fair, reasonable, and adequate to the members of the Class; (2) whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. **The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.  The Court may also decide to hold the Settlement Hearing by telephone or videoconference.  Class Members should check the Settlement website or the Court's PACER site (*see* Question 26 below) to confirm that the date or method of the Settlement Hearing is unchanged.**

**22.    Do I have to come to the hearing?**

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it.  As long as you mailed your objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**23.    May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include in your objection (*see* Question 19 above) a statement saying that it is your "Notice of Intention to Appear in *In re Obalon Therapeutics, Inc. Securities Litigation*, No. 3:18-cv-00352-AJB-AHG (S.D. Cal.)." Persons who intend to object to the Settlement, the Plan of Allocation and/or the fee and expense application, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself.

**24.    What happens if I do nothing at all?**

You may do nothing at all.  If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendant Parties.

## DISMISSALS AND RELEASES

**25.    What happens if the proposed Settlement is approved?**

As a Class Member, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement and you will release the Released Defendant Parties from the Released Claims as defined below.

"Released Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims as defined in ¶1.33 of the Stipulation, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that either were or could have been asserted in this Litigation, which arise out of, are based upon, or are related in any way to both: (i) the purchase or acquisition, or sale of Obalon securities; and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to, or which could have been alleged, in the Complaint.

"Released Defendant Parties" means: (i) Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants; and (ii) each of their respective family members, and their respective

4810-5433-1329.v5

general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

If the proposed Settlement is approved, the Court will enter a Judgment (the "Judgment").  In addition, upon the Effective Date, Lead Plaintiff and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Parties, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Defendant Parties except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## GETTING MORE INFORMATION

**26.   How do I get more information about the proposed Settlement?**

This Notice contains only a summary of the terms of the proposed Settlement and does not describe all of the details of the Stipulation.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.obalonsecuritieslitigation.com, by contacting Lead Counsel at (800) 449-4900, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.casd.uscourts.gov/cmecf, or by visiting the office of the Clerk at 333 West Broadway, Suite 420, San Diego, CA 92101, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.  **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

If you have any questions about the Settlement of the Litigation, you may contact Lead Counsel by writing to:

ROBBINS GELLER RUDMAN
& DOWD LLP
Rachel L. Jensen
655 West Broadway, Suite 1900
San Diego, CA 92101
RachelJ@rgrdlaw.com

### SPECIAL NOTICE TO NOMINEES

Nominees who purchased Obalon common stock for the beneficial interest of other Persons during the Class Period shall, within ten (10) business days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner, and provide Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded.  Upon submission of appropriate documentation, Lead Counsel will

reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

> *Obalon Litigation*
> Claims Administrator
> c/o A.B. Data, Ltd.
> P.O. Box 173031
> Milwaukee, WI 53217

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Obalon common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel has conferred with its damages expert and developed a Plan of Allocation that divides the Settlement proceeds equitably among Class Members.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

For shares of Obalon common stock purchased from October 6, 2016 through May 11, 2018, inclusive, including shares purchased in the Company's IPO, the claim per share shall be as follows:

    A.    If sold from October 6, 2016 through May 10, 2018, inclusive, the claim per share shall be the lesser of:

        a.    the inflation per share in Table A at the time of purchase less the inflation per share in Table A at the time of sale; and

        b.    the difference between the purchase price per share and the sales price per share.

    B.    If sold from May 11, 2018 through August 8, 2018, inclusive, the claim per share shall be the least of:

        a.    the inflation per share in Table A at the time of purchase;

4810-5433-1329.v5

Exhibit A-1
-28-

b.   the difference between the purchase price per share and the sales price per share; and

c.   the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

C.   If retained at the close of trading on August 8, 2018, the claim per share shall be the lesser of:

a.   the inflation per share in Table A at the time of purchase; and

b.   the difference between the purchase price per share and $2.24 per share.

**Table A**

| Time Period | Inflation |
|---|---|
| October 6, 2016 through February 22, 2017 | $0.62 |
| February 23, 2017 through January 16, 2018 | $6.17 |
| January 17, 2018 | $5.04 |
| January 18, 2018 | $4.32 |
| January 19, 2018 through January 22, 2018 | $3.38 |
| January 23, 2018 through May 10, 2018 | $1.59 |
| May 11, 2018 | $0.00 |

4810-5433-1329.v5

**Table B**

| Date | Closing Price | Average Closing Price from May 11, 2018 through Sales Date | Date | Closing Price | Average Closing Price from May 11, 2018 through Sales Date |
|---|---|---|---|---|---|
| 5/11/2018 | $2.85 | $2.85 | 6/26/2018 | $2.32 | $2.50 |
| 5/14/2018 | $2.82 | $2.84 | 6/27/2018 | $2.18 | $2.49 |
| 5/15/2018 | $2.83 | $2.83 | 6/28/2018 | $2.14 | $2.48 |
| 5/16/2018 | $2.60 | $2.78 | 6/29/2018 | $2.15 | $2.47 |
| 5/17/2018 | $2.62 | $2.74 | 7/2/2018 | $2.11 | $2.46 |
| 5/18/2018 | $2.63 | $2.73 | 7/3/2018 | $2.10 | $2.45 |
| 5/21/2018 | $2.64 | $2.71 | 7/5/2018 | $2.15 | $2.45 |
| 5/22/2018 | $2.71 | $2.71 | 7/6/2018 | $2.13 | $2.44 |
| 5/23/2018 | $2.66 | $2.71 | 7/9/2018 | $2.20 | $2.43 |
| 5/24/2018 | $2.50 | $2.69 | 7/10/2018 | $2.19 | $2.43 |
| 5/25/2018 | $2.54 | $2.67 | 7/11/2018 | $2.23 | $2.42 |
| 5/29/2018 | $2.58 | $2.67 | 7/12/2018 | $2.20 | $2.42 |
| 5/30/2018 | $2.52 | $2.65 | 7/13/2018 | $2.20 | $2.41 |
| 5/31/2018 | $2.52 | $2.64 | 7/16/2018 | $2.01 | $2.40 |
| 6/1/2018 | $2.53 | $2.64 | 7/17/2018 | $2.01 | $2.39 |
| 6/4/2018 | $2.20 | $2.61 | 7/18/2018 | $1.97 | $2.38 |
| 6/5/2018 | $2.24 | $2.59 | 7/19/2018 | $1.86 | $2.37 |
| 6/6/2018 | $2.23 | $2.57 | 7/20/2018 | $1.91 | $2.36 |
| 6/7/2018 | $2.22 | $2.55 | 7/23/2018 | $1.90 | $2.35 |
| 6/8/2018 | $2.21 | $2.53 | 7/24/2018 | $1.93 | $2.35 |
| 6/11/2018 | $2.16 | $2.51 | 7/25/2018 | $1.98 | $2.34 |
| 6/12/2018 | $2.36 | $2.51 | 7/26/2018 | $1.97 | $2.33 |
| 6/13/2018 | $2.36 | $2.50 | 7/27/2018 | $1.86 | $2.32 |
| 6/14/2018 | $2.36 | $2.50 | 7/30/2018 | $1.66 | $2.31 |
| 6/15/2018 | $2.46 | $2.49 | 7/31/2018 | $1.66 | $2.30 |
| 6/18/2018 | $2.53 | $2.50 | 8/1/2018 | $1.67 | $2.29 |
| 6/19/2018 | $2.57 | $2.50 | 8/2/2018 | $1.66 | $2.28 |
| 6/20/2018 | $2.58 | $2.50 | 8/3/2018 | $1.63 | $2.27 |
| 6/21/2018 | $2.95 | $2.52 | 8/6/2018 | $1.63 | $2.26 |
| 6/22/2018 | $2.43 | $2.51 | 8/7/2018 | $1.66 | $2.25 |
| 6/25/2018 | $2.35 | $2.51 | 8/8/2018 | $1.68 | $2.24 |

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Obalon common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of shares that have been matched against the shares held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Released Defendant Parties and their respective counsel will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against the Lead Plaintiff, Lead Counsel, any claims administrator, or other Person designated by Lead Counsel, or any Defendant or Defendant's counsel, based on distributions made under the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the

4810-5433-1329.v5

1    Court.  All Class Members who fail to complete and file a valid and timely Proof of
2    Claim shall be barred from participating in distributions from the Net Settlement
     Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of
3    the terms of the Stipulation, including the terms of any judgment entered and the
     releases given.

4    DATED:  _____          BY ORDER OF THE COURT
5                                      UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF CALIFORNIA
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A-2

1 │ ROBBINS GELLER RUDMAN
  │   & DOWD LLP
2 │ RACHEL L. JENSEN (211456)
  │ ROBERT R. HENSSLER JR. (216165)
3 │ JEFFREY J. STEIN (265268)
  │ FRANCISCO J. MEJIA (306477)
4 │ 655 West Broadway, Suite 1900
  │ San Diego, CA 92101
5 │ Telephone: 619/231-1058
  │ 619/231-7423 (fax)
6 │ rachelj@rgrdlaw.com
  │ bhenssler@rgrdlaw.com
7 │ jstein@rgrdlaw.com
  │ fmejia@rgrdlaw.com
8 │
  │ Lead Counsel for Lead Plaintiff
9 │
10 │              UNITED STATES DISTRICT COURT
11 │            SOUTHERN DISTRICT OF CALIFORNIA
12 │
   │ In re OBALON THERAPEUTICS,     ) Master File No. 3:18-cv-00352-AJB-AHG
13 │ INC. SECURITIES LITIGATION     )
   │                                ) CLASS ACTION
14 │ ───────────────────────────    )
15 │ This Document Relates To:      ) PROOF OF CLAIM AND RELEASE
   │                                ) [EXHIBIT A-2 TO STIPULATION AND
16 │    ALL ACTIONS.                ) AGREEMENT OF CLASS ACTION
   │                                ) SETTLEMENT]
17 │ ───────────────────────────    )
18 │
19 │
20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │

4829-4491-3857.v4

**I.      GENERAL INSTRUCTIONS**

1.       To recover as a Class Member based on your claims in the action entitled *In re Obalon Therapeutics, Inc. Securities Litigation*, No. 3:18-cv-00352-AJB-AHG (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.       Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.  To share in the proceeds, the Claims Administrator must determine, based on the information in your Proof of Claim and Release, that you have a recognized loss as a result of your purchases of Obalon common stock during the period from October 6, 2016 through and including May 11, 2018.

3.       YOU MUST MAIL (POSTMARKED ON OR BEFORE _____, 2020) OR SUBMIT ONLINE (ON OR BEFORE _____, 2020) YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ADDRESSED AS FOLLOWS:

> *Obalon Litigation*
> Claims Administrator
> c/o A.B. Data, Ltd.
> P.O. Box 173031
> Milwaukee, WI 53217
> Online Submissions: www.obalonsecuritieslitigation.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.     If you are a Class Member and you did not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     CLAIMANT IDENTIFICATION

If you purchased Obalon common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Obalon common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Obalon common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE OBALON COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Obalon Common Stock" to supply all required details of your transaction(s) in Obalon common stock. If you need more space or additional schedules, attach separate sheets giving all of the

1   required information in substantially the same form.  Sign and print or type your name

2   on each additional sheet.

3          On the schedules, provide all of the requested information with respect to *all* of

4   your purchases and *all* of your sales of Obalon common stock which took place during

5   the period from October 6, 2016 through and including August 8, 2018, whether such

6   transactions resulted in a profit or a loss.  You must also provide all of the requested

7   information with respect to *all* of the Obalon common stock you held at the close of

8   trading on October 5, 2016, May 11, 2018, and August 8, 2018.  Failure to report all

9   such transactions may result in the rejection of your claim.

10         List each transaction separately and in chronological order, by trade date,

11  beginning with the earliest.  You must accurately provide the month, day, and year of

12  each transaction you list.

13         The date of covering a "short sale" is deemed to be the date of purchase of

14  Obalon common stock.  The date of a "short sale" is deemed to be the date of sale of

15  Obalon common stock.

16         Copies of broker confirmations or other documentation of your transactions in

17  Obalon common stock should be attached to your claim.  Failure to provide this

18  documentation could delay verification of your claim or result in rejection of your

19  claim.

20         NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large

21  numbers of transactions may request to, or may be requested to, submit information

22  regarding their transactions in electronic files.  All claimants MUST submit a

23  manually signed paper Proof of Claim and Release form whether or not they also

24  submit electronic copies.  If you have a large number of transactions and wish to file

25  your claim electronically, you must contact the Claims Administrator at 877-883-7664

26  to obtain the required file layout.  No electronic files will be considered to have been

27  properly submitted unless the Claims Administrator issues to the claimant a written

28  acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re Obalon Therapeutics, Inc. Securities Litigation*

No. 3:18-cv-00352-AJB-AHG

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later**

**than:**

**_____, 2020**

<u>Please Type or Print</u>

PART I:      CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                                      State or Province

Zip Code or Postal Code                 Country

Social Security Number or                          Individual
Taxpayer Identification Number                  Corporation/Other

Area Code         Telephone Number (work)

Area Code         Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

4829-4491-3857.v4

- 4 -                          3:18-cv-00352-AJB-AHG

Exhibit A-2

-37-

PART II:    SCHEDULE OF TRANSACTIONS IN OBALON COMMON STOCK

A.    Number of shares of Obalon common stock held at the close of trading on October 5, 2016: _____

B.    Purchases of Obalon common stock (October 6, 2016 – August 8, 2018, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:** If any purchase listed covered a "short sale," please mark Yes:

☐ Yes

C.    Sales of Obalon common stock (October 6, 2016 – August 8, 2018, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of Obalon common stock held at the close of trading on May 11, 2018: _____

E.    Number of shares of Obalon common stock held at the close of trading on August 8, 2018: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

4829-4491-3857.v4

IV.   **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Class Action Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.   I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Obalon securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Obalon common stock during the Class Period and know of no other person having done so on my (our) behalf.

V.   **RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Defendant Parties" defined as: (i) Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

2.     "Released Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims as defined below, whether arising under federal, state, local, common, statutory, administrative,

4829-4491-3857.v4

or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that either were or could have been asserted in this Litigation, which arise out of, are based upon, or are related in any way to both: (i) the purchase or acquisition, or sale of Obalon securities; and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to, or which could have been alleged, in the Complaint.

3.      "Unknown Claims" means any Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims.  Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542.  Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by law of any state or territory of the United States, or principle of common law that are similar, comparable, or equivalent to California Civil Code §1542.  Defendants, Lead Plaintiff and the Class shall be deemed to have, and by operation and order of final judgement shall have fully, finally, and forever settled and released all Released Claims, as the case may be known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of different or additional facts.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Class Action Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Obalon common stock which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.

7.     I (We) hereby warrant and represent that I am (we are) not excluded from the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this _____ day of _____
                                                                (Month/Year)

in _____
            (City)                              (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS:**

*Obalon Litigation*

Claims Administrator

c/o A.B. Data, Ltd.

P.O. Box 173031

Milwaukee, WI 53217

www.obalonsecuritieslitigation.com

4829-4491-3857.v4

3:18-cv-00352-AJB-AHG

Exhibit A-2

-42-

# EXHIBIT A-3



ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
ROBERT R. HENSSLER JR. (216165)
JEFFREY J. STEIN (265268)
FRANCISCO J. MEJIA (306477)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
rachelj@rgrdlaw.com
bhenssler@rgrdlaw.com
jstein@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re OBALON THERAPEUTICS, INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-00352-AJB-AHG |
| | ) |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) SUMMARY NOTICE |
| | ) |
| ALL ACTIONS. | ) [EXHIBIT A-3 TO STIPULATION AND |
| | ) AGREEMENT OF CLASS ACTION |
| | ) SETTLEMENT] |

4826-4580-7553.v4

Exhibit A-3
-44-

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF OBALON THERAPEUTICS, INC. ("OBALON") BETWEEN OCTOBER 6, 2016 AND MAY 11, 2018, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of California, that a hearing will be held on _____, 2020, at _____.m., before the Honorable Anthony J. Battaglia, United States District Judge, at the United States District Court for the Southern District of California, 221 West Broadway, Courtroom 4A, San Diego, California 92101, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the principal amount of $3,150,000.00, plus interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class in this Litigation should be approved.  The Court may adjourn the Settlement Hearing or hold it via videoconference or teleconference without further notice to the Class Members.

IF YOU PURCHASED THE COMMON STOCK OF OBALON BETWEEN OCTOBER 6, 2016 AND MAY 11, 2018, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Obalon Litigation*, Claims Administrator, c/o A.B. Data, Ltd., P.O. Box 173031, Milwaukee, WI 53217, or on the internet at www.obalonsecuritieslitigation.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail (***postmarked no later than_____, 2020***) or if submitted electronically ***no later than_____, 2020***, establishing that you are entitled to recovery.

1    If you are a Class Member and you desire to be excluded from the Class, you

2    must submit a request for exclusion such that it is ***postmarked no later than***

3    **_____, 2020**, in the manner and form explained in the detailed Notice,

4    referred to above.   All Class Members who do not timely and validly request

5    exclusion from the Class in response to the Notice will be bound by any judgment

6    entered in the Litigation pursuant to the Stipulation and Agreement of Class Action

7    Settlement.

8    Any objection to the Settlement, the Plan of Allocation, and/or the fee and

9    expense application must be mailed to each of the following recipients, such that it is

10   ***received no later than _____, 2020***:

11   CLERK OF THE COURT
     UNITED STATES DISTRICT COURT
12   SOUTHERN DISTRICT OF CALIFORNIA
     333 West Broadway, Suite 420
13   San Diego, CA  92101

14   *Lead Counsel:*

15   ROBBINS GELLER RUDMAN
      & DOWD LLP
16   RACHEL L. JENSEN
     655 West Broadway, Suite 1900
17   San Diego, CA  92101

18   *Counsel for Defendants:*
19
20   LATHAM & WATKINS LLP
     COLLEEN SMITH
21   12670 High Bluff Drive
     San Diego, CA  92130
22
     **PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S**
23
     **OFFICE REGARDING THIS NOTICE.**  If you have any questions about the
24
     Settlement, you may contact Lead Counsel at the address listed above.
25

26   DATED: _____, 2020        BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
27                                   SOUTHERN DISTRICT OF CALIFORNIA

28

4826-4580-7553.v4

Exhibit A-3
-46-

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re OBALON THERAPEUTICS, INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 3:18-cv-00352-AJB-AHG CLASS ACTION |
|---|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) ) ) | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE [EXHIBIT B TO STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT] |

4849-5962-1313.v4

Exhibit B

-48-

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _____, 2020, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Class Action Settlement dated August 17, 2020 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all Persons who purchased Obalon common stock between October 6, 2016 and May 11, 2018, inclusive, excluding Defendants, directors and officers of Obalon, and their families and affiliates and any defendant previously named as a defendant in this Litigation.  Also excluded are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice.

4.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

4849-5962-1313.v4

Exhibit B
-49-

(d)     the record is sufficiently developed to have enabled the Lead Plaintiff and the Defendants to have adequately evaluated and considered their positions.

5.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers the Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.  The Settling Parties acknowledge and the Class Members shall be deemed by operation of law to acknowledge that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

7.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

8.     Upon the Effective Date, and as provided in the Stipulation, Defendants and any defendant previously named as a defendant in this Litigation, including the Underwriter Defendants, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Counsel from all Released Defendant Claims (including, without limitation, Unknown Claims).   Claims to enforce the terms of the Stipulation are not released.

9.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

10.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11.     Neither the Stipulation nor the Settlement contained therein, nor any negotiations, discussions, proceedings or act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   The Released Defendant Parties, Lead Plaintiff, Class Members, and Lead Counsel may file the Stipulation and/or this

4849-5962-1313.v4

1   Judgment in any action that may be brought against them in order to support a defense

2   or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

3   faith settlement, judgment bar or reduction or any other theory of claim preclusion or

4   issue preclusion or similar defense or counterclaim, or in connection with any

5   proceeding to enforce the terms of the Stipulation.

6       12.    Without affecting the finality of this Judgment in any way, this Court

7   hereby retains continuing jurisdiction over: (a) implementation of this Settlement and

8   any award or distribution of the Settlement Fund, including interest earned thereon;

9   (b) disposition of the Settlement Fund; (c) hearing and determining applications for

10  attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for

11  the purpose of construing, enforcing, and administering the Stipulation.

12      13.    The Court finds that during the course of the Litigation, the Settling

13  Parties and their respective counsel at all times complied with the requirements of

14  Federal Rule of Civil Procedure 11.

15      14.    In the event that the Settlement does not become effective in accordance

16  with the terms of the Stipulation, or the Effective Date does not occur, or in the event

17  that the Settlement Fund, or any portion thereof, is returned to the Defendants'

18  insurers, then this Judgment shall be rendered null and void to the extent provided by

19  and in accordance with the Stipulation and shall be vacated and, in such event, all

20  orders entered and releases delivered in connection herewith shall be null and void to

21  the extent provided by and in accordance with the Stipulation.

22      15.    Without further order of the Court, the Settling Parties may agree to

23  reasonable extensions of time to carry out any of the provisions of the Stipulation.

24      16.    The Court directs immediate entry of this Judgment by the Clerk of the

25  Court.

26      IT IS SO ORDERED.

27  DATED: _____

28                              _____
                                HONORABLE ANTHONY J. BATTAGLIA
                                UNITED STATES DISTRICT JUDGE