UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re OBALON THERAPEUTICS, INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-00352-AJB-AHG ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ORDER PRELIMINARILY ) APPROVING SETTLEMENT AND ) PROVIDING FOR NOTICE ) ) ) |

WHEREAS, the parties have participated in settlement negotiations before Magistrate Judge Allison H. Goddard and entered into a Stipulation and Agreement of Class Action Settlement dated August 17, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the parties having made a joint application pursuant to Federal Rule of Civil Procedure ("Rule") 23(e) for an order preliminarily approving the Settlement set forth in the Stipulation; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased Obalon common stock between October 6, 2016 and May 11, 2018, inclusive, excluding Defendants, directors and officers of Obalon, and their families and affiliates and any defendant previously named as a defendant in this Litigation. Also excluded are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff is preliminarily certified as Class Representative for the Class and Robbins Geller Rudman & Dowd LLP is preliminarily appointed as Class Counsel for the Class.

4.     A hearing (the "Settlement Hearing") shall be held before this Court on **April 22, 2021, at 2:00 P.M.**, at the United States District Court for the Southern District of California, 221 West Broadway, Courtroom 4A, San Diego, California 92101, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine the amount to be awarded to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. The Court may adjourn the Settlement Hearing or hold it via videoconference or teleconference without further notice to the Class Members.

5.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Rule 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.     The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7.     Within fourteen (14) calendar days after execution of the Stipulation, Obalon shall provide or cause to be provided to the Claims Administrator with a list of names and addresses of record holders of Obalon common stock during the Class

1  Period on the transfer agent's books.  This information shall be provided in an
2  electronic format acceptable to the Claims Administrator.  Obalon shall be
3  responsible for any costs or expenses related to providing this information.

4        8.   Not later than ten (10) business days after the entry of this Order (the
5  "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof
6  of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class
7  Members who can be identified with reasonable effort, and to be posted on its website
8  at www.obalonsecuritieslitigation.com.

9        9.   Not later than ten (10) calendar days after the Notice Date, the Claims
10  Administrator shall cause the Summary Notice to be published once in the national
11  edition of *The Wall Street Journal* and once over a national newswire service.

12       10.   At least seven (7) calendar days prior to the Settlement Hearing, Lead
13  Counsel shall serve on Defendants' counsel and file with the Court proof, by
14  affidavit or declaration, of such mailing and publishing.

15       11.   Nominees who purchased Obalon common stock for the beneficial
16  ownership of Class Members during the Class Period shall send the Notice and the
17  Proof of Claim to all such beneficial owners of Obalon common stock within ten
18  (10) business days after receipt thereof, or send a list of the names and addresses of
19  such beneficial owners to the Claims Administrator within ten (10) business days of
20  receipt thereof, in which event the Claims Administrator shall promptly mail the
21  Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if
22  requested, reimburse banks, brokerage houses, or other nominees out of the
23  Settlement Fund solely for their reasonable out-of-pocket expenses incurred in
24  providing notice to beneficial owners who are Class Members, which expenses
25  would not have been incurred except for the sending of such notice, subject to further
26  order of this Court with respect to any dispute concerning such compensation.

27
28

12. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

13. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

14. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

15. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **April 1, 2021**, twenty-one (21) calendar days prior to the Settlement Hearing (April 22, 2021) to the address designated in the Notice. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Obalon common stock from October 6, 2016 through and including May 11, 2018, including the dates, the number of shares of Obalon common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

1 Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

16. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

17. Any Class Member may appear at the Settlement Hearing and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why Lead Plaintiff should not be awarded an amount in connection with its representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before **April 1, 2021**, twenty-one (21) calendar days prior to the Settlement Hearing (April 22, 2021), by Robbins Geller Rudman & Dowd LLP, Rachel L. Jensen, 655 West Broadway, Suite 1900, San Diego, California 92101; and Latham & Watkins LLP, Colleen Smith, 12670 High Bluff Drive, San Diego, California 92130, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California 92101, on or before **April 1, 2021**, twenty-one (21) calendar days prior to the Settlement Hearing (April 22, 2021).  The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Obalon common stock purchased and sold during the Class Period and contain a statement of the reasons for objection.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.

The objection must identify any other actions in which the objector or the objector's counsel has filed, or participated in the filing of, an objection of any nature. The objection must also state with specificity the grounds for the objection. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or award to Lead Plaintiff, unless otherwise ordered by the Court.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees and expenses or award to Lead Plaintiff shall be filed and served by **March 18, 2021**, thirty-five (35) calendar days prior to the Settlement Hearing (April 22, 2021). Replies to any objections shall be filed and served by **April 15, 2021**, seven (7) calendar days prior to the Settlement Hearing (April 22, 2021).

20. The Released Defendant Parties shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for an award of attorneys' fees and expenses shall be approved.

22. Lead Counsel shall be provisionally paid an amount representing approximately 75% of their litigation expenses and charges, subject to Lead

Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus interest earned thereon if, and when, as a result of any order, the final fee or expense award is lower than that amount.

23. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶3.8 or 3.9 of the Stipulation.

24. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, nor construed as, or deemed to be evidence of, or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

25. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court also reserves the right to conduct the Settlement Hearing telephonically or by videoconference without further notice to the Class Members. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

26. If the Stipulation and the Settlement set forth therein is not approved or consummated or the Effective Date as provided in the Stipulation fails to occur for any reason whatsoever, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and all proceedings had

in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

27. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28. Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in the Litigation, except the Settlement Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

**IT IS SO ORDERED**.

Dated: January 7, 2021

Hon. Anthony J. Battaglia
United States District Judge